UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| THOMAS D. HALE, a/k/a RHEA HALE, a/k/a THOMAS DANIEL EUGENE HALE, a/k/a /S/DANA THE SOLOLIST, a/k/a HALE LAW FIRM,<br><br>  *Plaintiff*,<br><br>v.<br><br>STATE OF TENNESSEE, TENNESSEE CORR. ACAD., TREATMENT CORR. ACAD., PROFESSIONAL MGMT. ACAD., CAREER MGMT. PROGRAMMED ACAD., PRO-LIFE SOCIAL SKILLS PROGRAMING ACAD., MENTAL HEALTH PROGRAMMING FOR RESHAPING COGNIVELY FOR RECOGNITION, MELVIN TIRY, HENRY STEWARD, ROB HENRY, JERRY LESTER, JAMES MICHAEL HOLLAWAY, BRENDA F. JONES, DOUG COOK, BERT BOYD, DARREN L. SETTLES, DERRICK SCHOFIELD, CORNEAL UNIVERSITY out of Dyer County, Tennessee, and Mississippi, Alabama and Arkansas, BRIGHAM YOUNG UNIVERSITY CHAPTER and CHARTER in Western Parts of the Northern Hemisphere for Tennessee and Idaho, HALE & HALE LAW FIRM, HALE & HALE & MCINTURFF LAW FIRM, HALE & LYLES S. RUSSELL II LAW FIRM, WEST TENNESSEE STATE PENITENTIARY SITE 2, of Lake County, Tennessee, PENAL FARM of Lauderdale/Ripley County, Tennessee, and REG'L COMPLEX, of Tiptonville, Tennessee,<br><br>  *Defendants*.[1] | Case No. 1:16-cv-474<br><br>Judge Travis R. McDonough<br><br>Magistrate Judge Susan K. Lee |

---

[1] Defendants are identified in Plaintiff's handwritten complaint and in a preprinted form complaint, which, apparently, was supplied to him by the district court in the Western District of Kentucky. (Docs. 1; 1-3.) The case was filed originally in the United States District Court for the Western District of Kentucky and transferred to this Court based on venue considerations. Doc. 8.)

**MEMORANDUM AND ORDER**

The Court has before it a pro se state prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. (Docs. 1, 5.) Pursuant to the Prison Litigation Reform Act of 1996 ("PLRA"), codified in scattered sections of Titles 11, 18, 28, and 42 of the United States Code, a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if he has, three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed because it was frivolous, was malicious, or failed to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). The only exception is if the prisoner is in "imminent danger of serious physical injury." *See id*. § 1915(g).

While incarcerated, Plaintiff has had at least three prior civil rights actions dismissed as frivolous or for failure to state a claim in district courts in Tennessee. *See Hale v. Long*, No. 1:06-cv-1109 (W.D. Tenn. June 26, 2007) (order dismissing case for failure to state a claim); *Hale v. Long*, No. 1:95-cv-0111 (M.D. Tenn. May 2, 1996) (order dismissing case as frivolous); *Hale v. Williams*, No. 1:94-cv-0145 (M.D. Tenn. Sept. 20, 1994) (order dismissing case as frivolous); *Hale v. Rhea*, No. 3:94-cv-0812 (M.D. Tenn. Sept. 19, 1994) (order dismissing case as frivolous); *Hale v. Boyd*, No. 1:94-cv-0141 (M.D. Tenn. Sept. 14, 1994) (order dismissing case as frivolous); *see also Hale v. Cook*, No. 1:16-cv-106 (E.D. Tenn. May 2, 2016) (order listing Plaintiff's § 1915(g) cases, denying him *in forma pauperis* status, and directing him to pay the full filing fee); *Hale v. Steele*, No. 3:12-cv-0476 (M.D. Tenn. May 18, 2012) (same); *Hale v. NWCX*, No. 1:11-cv-1083 (W.D. Tenn. Dec. 28, 2011) (same).

Though Plaintiff's complaint is practically indecipherable, to the extent possible, the Court has reviewed it. As an example of the nearly impenetrable prose contained in Plaintiff's handwritten complaint, the factual basis of his claims for relief reads as follows:

> Comes now, Hale, Thomas D.; 00130892 filing and filed this motion on 7/15/2016 for a 42 U.S.C. § 1983 licensed do [sic] to duress and contributory negligence by laches w/failure to consideration with assumption of risk along with a RFRA claim licensed also and RLUIPA claim licensed and deliberately indifferened [sic] by the defendants to teach a lesson on Polictical [sic] sciences w/discrimination for this race of Reformatory by the Uniform Administrative Procedure Act of 2012/2014 revised from 2012 and the change of venue is not lack of personal jurisdiction of knowledge as in state theirin [sic]. Foreignors [sic] I am to these defendants depriving me also with delay in their individual, official, representative, and professional culpability capacities petitioning this contract for the underlined.

(Doc. 1, at 2.) Plaintiff states in the preprinted form complaint that he is in imminent danger and lacks "bare necessities as they pursue [his] death conspiring only to prove a point as if [he is] a lab rat and in a maze trying to get out . . . ." (Doc. 1-3, at 1, 4.) Plaintiff seeks damages and release from the "special housing unit/mental health involuntarily" or release on parole. (*Id.* at 6.)

Clearly, none of these outlandish contentions possibly could qualify for § 1915(g)'s "serious physical injury" exception. Accordingly, Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 5) is **DENIED**. In order to file this action, Plaintiff must pay the entire $400.00 filing fee within **thirty days** from the date on this order.

If Plaintiff fails timely to pay the filing fee, this case will be **DISMISSED**, and he will be assessed the full filing fee. *See In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002) (noting that a prisoner's obligation to the filing fee arises when the complaint is delivered to the district court clerk); *id*. (explaining that "[t]he subsequent dismissal of the action under § 1915(g) for failure to pay that fee does not negate or nullify the litigant's continuing obligation to pay the fee in full").

Finally, Plaintiff's motion to amend his complaint (Doc. 6) is **DENIED** as premature. **SO ORDERED.**

                                            /s/ *Travis R. McDonough*
                                            **TRAVIS R. MCDONOUGH**
                                            **UNITED STATES DISTRICT JUDGE**